UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ERIC DETRICK McPHERSON, <br><br> Defendant. | CASE NO. CR94-5708RJB <br><br> ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE |

THIS MATTER comes before the Court on the Request for Compassionate Release (Dkt. 190) filed *pro se* by "Movant" (Defendant). Counsel has since appeared for Defendant. The Court is familiar with the records and files herein, and all documents filed in support of and in opposition to the "Request" (Motion), including supplemental pleadings filed on April 10, 2020, and heard telephonic oral argument on April 10, 2020.[1] This case was reassigned to the undersigned in light of the death of the sentencing judge, the Honorable Frank Burgess. For the reasons stated herein, the motion should be granted and the Defendant released.

---

[1] The Court found the briefing and arguments of Helen J. Brunner, Plaintiff's counsel, and Jennifer E. Wellman, Defendant's counsel, to be thorough, professional, interesting, well done, candid, and helpful to the Court.

ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE - 1

## FACTUAL BACKGROUND

In October 1995, Defendant, age 57, was sentenced to 392 months (32.6 years) in prison upon convictions after jury trial of 1 count of conspiracy to commit armed bank robbery under 18 U.S.C. § 371; two counts of armed bank robbery under 18 U.S.C. § 2113 (a) & (d); and two counts of using a firearm in connection with a crime of violence under 18 U.S.C. § 924c. His sentence was broken down as follows: 92 months for the conspiracy and armed bank robbery counts, to be served concurrently; 60 months consecutively on the first § 924c charge and 240 months, consecutively, on the second § 924c charge. The sentencing judge, under then existing law, was without discretion to treat the § 924c charges any differently, and the sentence was upheld by the Ninth Circuit on appeal (1997 WL 105894) and on a § 2255 motion (WAWD Cause No. 97-5507FDB). Defendant has served approximately 80% of his sentence (about 26 years).

Defendant has exhausted all administrative prerequisites to his motion.

Defendant's co-defendant Wilson was sentenced to 170 months (about 14 years) following pleas of guilty under the terms of a plea agreement.

It appears probable to this Court that Defendant's sentence, under current law where stacking of mandatory § 924c penalties is not required, would have been 92 months concurrent for the conspiracy and armed bank robbery charges plus 60 months for the first and 60 months for the second § 924c charge, consecutive, for a total of 212 months (17.6 years), some 180 months (15 years) more under the old sentence plan than under the current plan, which, unfortunately for Defendant, does not apply retroactively pursuant to § 403 of the First Step Act.

Defendant claims that, in spite of the lack of retroactivity, his situation provides an extraordinary and compelling reason for a compassionate release under 18 § 3582(c)(1)(A)(i). He further argues that his history and physical condition provide further grounds for release.

Plaintiff argues that this motion attempts to thwart the congressionally, purposely adopted lack of retroactivity in § 403 of the First Step Act, and that, in any event, Defendant does not present extraordinary and compelling reasons for Defendant's release that are consistent with applicable policy statements issued by the Sentencing Commission as required by 18 U.S.C. § 3582 (c)(1)(A).

## THE LAW

In pertinent part, 18 U.S.C. § 3582(c)(1) reads as follows:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
> (1) in any case--
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) . . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The Policy Statement referenced by the statute is USSG § 1B1.13 was required by 28 U.S.C. § 944(f), which provides:

> The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE - 3

In pertinent part, the policy statement at USSG § 1B1.13 provides:

<u>Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A),</u> the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
    (1) (A) Extraordinary and compelling reasons warrant the reduction; or . . .
    (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
    (3) The reduction is consistent with this policy statement.

**Commentary**

**Application Notes:**

1. **Extraordinary and Compelling Reasons**. – Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
    (A) **Medical Condition of the Defendant** –
        (i) The defendant is suffering from a terminal illness (i.e., a serious and advance illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic later sclerosis (ALS), end-stage organ disease, and advance dementia.
        (ii) The defendant is –
            (I) suffering from a serious physical or medical condition,
            (II) suffering from a serious functional or cognitive impairment, or
            (III) experiencing deteriorating physical or mental health because of the aging process
that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
    (B) **Age of the Defendant**.--The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
    (C) **Family Circumstances** –
        (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
        (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
    (D) **Other Reasons**.—<u>As determined by the Director of the Bureau of Prisons,</u> there exists in the defendant's case an extraordinary and compelling reasons other than, or in combination with, the reasons described in subdivision (A) through (C).

ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE - 4

2. **Foreseeability of Extraordinary and Compelling Reasons**.—For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

3. **Rehabilitation of Defendant**.—Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.

4. **Motion by the Director or the Bureau of Prisons**.—<u>A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons</u> pursuant to 18 U.S.C. § 3582(c )(1)(A). The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1. The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.

This policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law.

5. **Application of Subdivision (3)**.—Any reduction made pursuant to a motion by the Director of the Bureau of Prisons for the reasons set forth in subdivisions (1) and (2) is consistent with this policy statement.

DISCUSSION – LEGAL ISSUES

First, because of the existing Policy Statements at USSG § 1B1.13 were adopted <u>before</u> 18 U.S.C. § 3582 (c)(1), parts of the Policy Statements are obsolete and must be disregarded. The parts to be disregarded are underlined, above.

Second, 28 U.S.C. § 944(f) required the Sentencing Commission in the Policy Statement, to include "the criteria to be applied" in considering extraordinary and compelling reasons for sentence reduction. This the Commission failed to do, except for determining, in Application Note 4, that, "The court is in an unique position to determine whether the circumstances warrant

a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement" followed by a non-exclusive list of things the Court should consider. This listing of things the Court should consider hardly sets the criteria for a finding of extraordinary and compelling reasons for a sentence reduction, leaving it to the Court to determine what qualifies, after appropriate analysis.

Third, these further observations support this conclusion: First, the listing of examples of extraordinary and compelling reasons in the Policy Statements § 1B113 and Application notes is not, by its language, exclusive. Second, the listing of things that are not considered extraordinary and compelling does not limit what else may be considered extraordinary and compelling. Third, Application Note 1(D) clearly opens the door to consider reasons other than the examples listed in determining whether extraordinary and compelling reasons for a sentence reduction exists.

"Extraordinary and compelling" means "extraordinary and compelling."

## DISCUSSION – DEFENDANT'S CLAIMS

### 28 U.S.C. 3553 (a) Factors

Defendant's offenses were very serious, and very dangerous, and deserved lengthy incarceration. The time Defendant has served reflects that seriousness, promotes respect for the law, and provides just punishment. Defendant's incarceration has provided adequate deterrence to further criminal conduct, and has adequately protected the public. Whatever correctional treatment needed by defendant can best be served by his supervised release conditions and the assistance of a probation officer.

Defendant's sentence, when compared to that of his co-defendant Wilson, appears to be an unwarranted disparity.

ORDER GRANTING MOTION FOR COMPASSIONATE RELEASE - 6

1  Defendant now appears to be, and the Court finds, that he is safe to be at large, based on his prison record.

Defendant's time served is sufficient, and greater than necessary, to comply with the purposes of sentencing.

## USSG Policy Statements

It appears, and the Court finds, that Defendant is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g).

Medically, it appears that Defendant is suffering from serious medical and physical conditions, and functional impairment from which he is not likely to recover, and which substantially diminishes his ability to provide self-care within the environment of a correctional facility. He is at risk for COVID-19.

Defendant has been rehabilitated during his incarceration.

While his physical condition and his rehabilitation are not stand-alone justifications for a sentence reduction, those reasons, in combination with the reason set forth below, militate toward a time served sentence reduction.

## Extraordinary and Compelling Reasons

In considering the government's argument – that the non-retroactivity law in the First Step Act purposely left this defendant's sentence in place – we need to look at <u>all</u> the laws, including 18 U.S.C. § 3582(c)(1)(A), together. Section 3582 (c )(1)(A) provides a safety valve against what otherwise would be a harsh, unjust, and unfair result stemming from a non-retroactivity clause.

So we have here Mr. McPherson, sentenced to over 32 years in prison for what is now probably a 17-year crime. His sentence was 15 years beyond what is now deemed a fair penalty

by our law, and he has already served 26 years of that now clearly unfair sentence. It is extraordinary that a civilized society can allow this to happen to someone who, by all accounts, has long since learned his lesson.

In spite of all indications being that Defendant is safe to be at large, some may wonder if he is truly rehabilitated. The Defendant is facing five years of supervised release – limitations on his freedoms – during which he can be quickly returned to custody if he shows signs of likely recidivism.

Mr. McPherson presents an extraordinary and compelling story that provides reasons for a sentence reduction, and that compels this judge to grant him the relief he seeks. Therefore, the Court finds that there are extraordinary and compelling reasons warranting a reduction of Defendant's custodial sentence to time served. All other conditions in his original sentence will remain as ordered.

## COVID-19

The Government recommends that defendant serve a 14-day quarantine before being actually released. Defendant objects to such an order. The Court declines to make such an order. What <u>should</u> happen is that the Institution should test the Defendant to see if he is a carrier of the virus, and on that basis, make a plan for his release that would protect him and the public. In the absence of testing ability, or in the absence of knowledge of test results, the Court can only request that Mr. McPherson's probation officer, prison officials, and Mr. McPherson and his family plan together for his release with COVID-19 protection of the public and Defendant in mind.

## Conclusion

Therefore, for the foregoing reasons, Defendant's Request for Compassionate Release (Dkt. 190) is GRANTED. It is further

ORDERED that Defendant's Custodial Sentence is hereby reduced to time served. All other provisions of his sentencing remain as originally set.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 14th day of April, 2020.

*Robert J. Bryan*

ROBERT J. BRYAN
United States District Judge